IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DARRELL GLYNN McCOY §
§
Petitioner, §
§
VS. §
§ NO. 3-10-CV-1999-M-BD
RICK THALER, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
§
Respondent. §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Darrell Glynn McCoy, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2007, petitioner was convicted of unauthorized use of a motor vehicle. Punishment, enhanced by two prior felony convictions, was assessed at 20 years confinement. His conviction and sentence were affirmed on direct appeal. *McCoy v. State*, No. 05-07-01016-CR, 2008 WL 1850781 (Tex. App.--Dallas, Apr. 28, 2008, no pet.). Petitioner also filed an application for state post-conviction relief. The application was dismissed for failure to comply with the requirements of Tex. R. App. P. 73.1.[1] *Ex parte McCoy*, WR-72,998-01 (Tex. Crim. App. Nov. 18, 2009). Petitioner then filed this action in federal district court.

---

[1] Petitioner's state writ was not verified under oath or by an unsworn declaration. *See* TEX. R. APP. P. 73.1(d).

## II.

Petitioner challenges his conviction on four grounds: (1) he received ineffective assistance of counsel; (2) the evidence was legally insufficient to support his conviction; (3) the judge promised a reduced sentence if petitioner waived his right to a jury trial; and (4) he was not shown the evidence against him.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a reply filed on December 27, 2010. The court now determines that this case should be dismissed on limitations grounds.

### A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

On July 13, 2007, petitioner was sentenced to 20 years in prison for unauthorized use of a motor vehicle. His conviction was affirmed by the court of appeals on April 28, 2008, and petitioner did not seek further review by way of a motion for rehearing or a petition for discretionary review. Therefore, his conviction became final 30 days thereafter on May 28, 2008. TEX. R. APP. P. 68.2(a) (PDR must be filed within 30 days after state appeals court renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Although petitioner filed an application for state post-conviction relief on January 16, 2009, which remained pending until November 18, 2009, a period of 307 days, the writ was procedurally defective and did not toll the AEDPA statute of limitations. *See Davis v. Quarterman*, 342 Fed.Appx. 952, 953, 2009 WL 2710057 at *1 (5th Cir. Aug. 27, 2009), *cert. denied*, 130 S.Ct. 1152 (2010) (state writ dismissed pursuant to Tex. R. App. P. 73.1 was not "properly filed" within the meaning of section 2244(d)(1)(A)); *Torres v. Thaler*, No. 3-09-CV-1817-B, 2010 WL 624134 at *2 (N.D. Tex. Feb. 22, 2010), *COA denied*, No. 10-10242 (5th Cir.

Sept. 14, 2010) (same). Petitioner filed this action in federal court on September 15, 2010 -- more than one year after his conviction became final.

In his reply, petitioner explains that he thought the deadline for filing a federal writ was November 18, 2010 -- one year after his state writ was dismissed. Even though the state writ was procedurally defective, petitioner asks the court to excuse his "like [sic] of knowledge" so he can seek federal habeas relief. (*See* Pet. Reply at 1). The Fifth Circuit has repeatedly held that lack of knowledge, or ignorance of the law, does not justify equitable tolling of the AEDPA statute of limitations. See *Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2006), *cert. denied*, 127 S.Ct. 2909 (2007) (citing cases). Consequently, this action must be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 3, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE